No. 28,292.

THE STATE OF KANSAS, *Appellee*, v. EDDIE TURNER, JR., *Appellant*.

(272 Pac. 186.)

Opinion filed December 8, 1928.

*S. H. Piper* and *Thurman Hill*, both of Independence, for the appellant.

*William A. Smith*, attorney-general, *C. W. Mitchell*, county attorney, and *Theo. F. Varner*, assistant county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a criminal prosecution for being a persistent violator of the intoxicating liquor law. Defendant was found guilty on two counts, and he has appealed.

Appellant contends that the court erred in permitting the county attorney to make prejudicial statements to the jury in his final argument. Counsel, in his argument, made statements as to what certain witnesses had testified. Defendant's counsel objected that the testimony was incorrectly quoted. The court, at the request of defendant, had the stenographer read from his notes the testimony of the witnesses mentioned. This reading disclosed that the witnesses

had not testified as counsel for the prosecution had quoted them, whereupon the court admonished the jury that if any witness had testified as counsel for the state had quoted, they should disregard it—that such testimony was improper; and further, that if counsel for the state, or either side, misquoted any of the testimony the jury should disregard such statements of attorneys and be guided only by the positive evidence of the witnesses who testified on the witness stand. This incident, and the way it was handled by the trial court, would seem to be more favorable to the defendant than otherwise. It amounted to a reprimand to counsel for the prosecution for the inaccurate statement of the testimony, and was a specific admonition to the jury not to consider any statements of counsel with respect to the testimony which did not accord with the testimony given.

Appellant complains of this admonition of the court as being an instruction given after argument for defendant in the case had closed, and argues that the statute provides when instructions should be given, which should be before the argument. But naturally a question of this kind would have to be dealt with when it arose. There was no error in this respect.

A witness on behalf of defendant was absent from the state and her affidavit was read as her deposition. When this affidavit was read counsel for the prosecution stated that the state admits that if the witness were present she would testify as stated in the affidavit, "but the state does not admit the truth of the matter testified to." Counsel for defendant moved to strike out the remarks of counsel. This was overruled, the court stating that it saved him from instructing the jury on that point. Appellant complains of the quoted remark of counsel for the prosecution and of the ruling of the court thereon. There is no merit in this complaint. It was proper—in fact essential—that the jury at some stage of the trial should understand that the contents of the affidavit of the absent witness were received in evidence as her testimony, and that when the prosecution consented it should be so received there was no consent with reference to the truth of the statement any more than there would be if the witness had been called by the defendant and had testified.

Appellant contends he should be granted a new trial for the reason that he was prepared to meet the claim of the state that

whisky was purchased from the defendant at some time between 10:45 and 11:15 p. m. of a certain day, and to his surprise the witness who testified to the sale fixed the time between 9 and 10 o'clock. There is nothing in the record from which appellant can predicate error in this respect. No contention was made during the trial that he was so surprised, nor was any request made for a continuance or for. time to secure other witnesses by reason thereof. It is said in the brief for the state that there had been a preliminary examination at which testimony had been given and the hour of the sale had been testified to. If so, the defendant was fully advised of it before he went into trial. In any event the record discloses no error on this point.

The judgment of the court below is affirmed.